B"H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CASE No. _____

LAWRENCE A. HABERMAN,
15801 S.W. 137 Avenue
Miami, Florida 33177-9800

    Plaintiff,

v.

UNITED STATES
DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

    Defendant.
_____/

Case: 1:20-cv-01292
Assigned To : Boasberg, James E.
Assign. Date : 4/22/2020
Description: Pro Se Gen. Civ. (F-DECK)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FEDERAL TORT CLAIMS ACT—DAMAGES, TITLE 28 U.S.C. § 2671 et seq.
FEDERAL TORT CLAIMS ACT—DAMAGES, TITLE 28 C.F.R. PART 14
FEDERAL TORT CLAIMS ACT—DAMAGES, TITLE 28 C.F.R. PART 801

**COMES NOW,** Lawrence A. Haberman ("the Plaintiff"), and files this, his Complaint for Declaratory and Injunctive Relief against the Department of Justice for failure to pay lawful claims to the Plaintiff. The Plaintiff respectfully requests the entry of an Order to compel the Defendant's payment of the lawful damages in the sum certain of $293.86. A proposed order is attached for this Court's convenience.



1

## I. JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act ("FTCA") [Title 28 U.S.C. § 2671 et seq.]. This Court has original jurisdiction over this case pursuant to Title 28 U.S.C. §§ 1331, § 1346, § 1367 and § 2401.

2. The venue is proper in the District of Columbia pursuant to Title 28 U.S.C. § 1391(e)(2) and (e)(3), where a substantial part of the events giving rise to the claims occurred in this district, and the Defendant is a federal agency.

## II. THE PARTIES

3. The Plaintiff, Lawrence A. Haberman, is currently serving a sentence of 360 months for conspiracy to possess and distribute more than five kilograms of cocaine in violation Title 21 U.S.C. §§ 846, § 841(b)(1)(A) and 21 U.S.C. § 853. Mr. Haberman is currently in the custody of the Defendant and incarcerated at the Federal Correctional Institution in Miami, Florida.

4. The United States Department of Justice ("DOJ") is a department in the Executive Branch of the United States Government ("USG") as defined under U.S. CONST. art I, and its principal place of business is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001. The DOJ is an "agency" within the meaning of 28 U.S.C. § 2671 et seq.

### III.  INTRODUCTION AND BACKGROUND

5.  On May 16, 2008, the United States District Court for the Northern District of Texas entered a Judgment against the Plaintiff in Case No. 04-CR-00188.  That court "did not order a fine because he [Haberman] will not have the financial resources or future earning capacity to pay a fine... ".  See Exhibit "A" at 4.

6.  That Court's Order, further ordered the forfeiture of "a sum of money equal to $20,000,000.00 ("$20M") in United States currency," and the forfeiture of approximately $2,402,815.64 in cash and his interest in the real property located at 19331 Goldwin, Southfield, Oakland County, Michigan to the United States to be deducted from the $20M forfeiture.  Id.

7.  Therein, the district court ordered the forfeiture[1] of all of Mr. Haberman's assets in the possession of the United States and his interest in any liquidatable assets with the specific factual finding that Haberman had no other assets and no future earning potential.  Based on those findings the district court **did not** impose any fines or restitution.  Id.

---

1   Definition of "forfeiture", (1) The act of surrendering something [in one's possession or control] as a forfeit.  The American Heritage Dictionary, Morris (New College Ed., 1976).

8.   On October 9, 2012, the Defendant, through the component agency U.S. Marshal's Service ("USMS"), sent a letter to the Plaintiff demanding **payment for the forfeiture** in the amount of $17,581,272.61.  See Exhibit "B"

9.   Subsequent to the Defendant's letter, the component agency Federal Bureau of Prisons ("BOP"), instituted a "collections operation" on behalf of the DOJ at a rate of $50 per month.[2]  See Exhibit "C".

10.   On October 30, 2018, the Plaintiff requested the Bureau of Prisons review the legal basis for the collections operation on a forfeiture.  The BOP determined it lacked legal authority to **collect a forfeiture**, and subsequently ceased the collection of funds from the Plaintiff.

11.   November 16, 2018, the BOP directed the Plaintiff to proceed with the administrative recovery process under the FTCA to recover the $500.00 the BOP had impermissibly collected on behalf of the DOJ.

12.   On December 31, 2018,[3] [4] and January 24, 2019, the Plaintiff filed a claim to recover the unlawfully collected funds with the component agency of the Defendant, i.e., the United States Marshals Service.  See Exhibit "D".

---

[2]   The BOP later reduced the collected amount to $25 per month, and again to $25 per quarter.

[3]   The initial filing of the claim was returned as "undeliverable", the Plaintiff mailed the claim again to the Office of General Counsel who accepted receipt of the claim on February 1, 2019.

[4]   The SF-95 contained a Scrivener's error where the sum certain listed on the form was $375.00.  The correct amount was a sum certain of $500.00.

13. On or about June 12, 2019, the Defendant ordered the Department of Treasury to issue a check for "OVERPAYMENT" to Mr. Haberman in the amount of $206.14. See Exhibit "E".

14. On July 22, 2019, the Office of General Counsel issued a "final denial" of the claim within the meaning of Title 28 U.S.C. § 2401(b). See Exhibit "F".

15. On December __, 2019, the Plaintiff brought this matter before this Court for declaratory and injunctive relief as set forth below.

### III. DISCUSSION

16. The Defendant has simultaneously denied the Plaintiff's claim and issued a partial repayment of the unlawfully collected funds that was clearly marked as an "overpayment". The Plaintiff's initial claim on the Standard Form 95 ("SF-95") incorrectly listed the sum certain as $375.00. See Exhibit "D". The Defendant unlawfully collected $500.00 from the Plaintiff. See Exhibit "C". The corrected amount due, less the Defendant's repayment of $206.14, is a sum certain of $293.86.

17. The agency's denial of the Plaintiff's claim asserted two affirmative defenses: (1) that a challenge to the forfeiture itself must be brought in the forfeiture court, and (2) that any unlawfully collected funds not already repaid, were exempt from repayment under the statute of limitations. Both affirmative defenses are without merit, infra, and the Plaintiff is entitled to judgment against the Defendant as a matter of law.

18. As an initial matter, the Plaintiff has not challenged the imposition of the forfeiture itself. Instead, Mr. Haberman challenged the Defendant's unlawful collection of funds from his inmate Trust Fund account that exceeded the definition of a "forfeiture" under the common definition and the language of district court's order. Therein, the Defendant's assertion of a jurisdictional defense was meritless.

19. The Defendant asserted as secondary affirmative defense that any remaining funds that were unlawfully collected fell outside the two (2) year statute of limitations under FTCA. The Defendant's unlawful actions were an **on-going** instance of the offense that ceased only when the Mr. Haberman requested a legal review of the authority under which the Defendant's conducted their unlawful actions.

20. Put differently, Mr. Haberman did not become aware of the Defendant's unlawful actions until October 2018, at which point he initiated a formal request for legal review and triggered the time accounting for the statute of limitations. The Defendant's unlawful actions were a continuous, on-going violation thus, they effectively tolled the time under the statute of limitations. Therein, the Defendant's assertion of a statute of limitations defense was meritless.

21. The undisputed fact that the Defendant admitted guilt by and through the repayment of $206.14 to Mr. Haberman as "overpayment" demonstrated the Defendant's culpability and willful negligence as charged below.

## IV. THE COUNTS AND OFFENSES

22. The Plaintiff presents the following Counts for declaratory and injunctive relief under the statutes:

### COUNT 1
### (Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for declaratory and injunctive relief)

23. The Plaintiff realleges paragraphs 1-21, as if fully stated herein.

24. The Plaintiff is being harmed by reason of the Defendants' refusal to adhere to its published guidelines, regulations, and the statutes through their refusal to repay the monies unlawfully collected from the Plaintiff.

25. The Plaintiff is being irreparably harmed by reason of the Defendant's unlawful attempts to collect funds from his inmate Trust Fund account.

26. The Plaintiff is therefore entitled to a declaratory judgment that Defendant's actions were in violation of statutes [28 U.S.C. § 2701 et seq.] and the regulations [28 C.F.R. Part 14 and Part 801].

27. The Plaintiff is entitled to preliminary and permanent injunctive relief requiring Defendant to pay his lawful claim for financial loss due to the negligence and wrongful acts of its employees.

28. The Plaintiff is entitled to seek other redress, as permitted under the law.

## V. CONCLUSION

**WHEREFORE,** in view of the foregoing, the Plaintiff respectfully requests this Court enter an Order for declaratory judgment against the Defendant, and preliminary and permanent injunctive relief as follows:

a. **DECLARE** the Defendant's collection of monies from the Plaintiff's inmate Trust Fund account in violation of the statutes and regulations;

b. **DECLARE** the Defendant's refusal to pay in full the Plaintiff's lawful claim in violation of the FTCA;

c. **ORDER** the Defendants cease and desist from the unlawful acts set forth herein;

d. **ORDER** the Defendant to pay the balance of the claimed amount in the sum certain of $293.86;

e. **GRANT** the Plaintiff an award of reasonable fees, costs, and expenses as were necessarily incurred in the bringing and prosecution of this action;

f. **GRANT** the Plaintiff such other and further relief as this Court deems fair and equitable.

Respectfully Submitted,

_____  12-31-2019
Lawrence A. Haberman
Plaintiff
USM No. 36897177
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-2150/2268
Fax: 305-259-2383